SECOND DEPARTMENT, MARCH, 1993

(March 1, 1993)

■ DOROTHEA BARBULESCU et al., Respondents, v CHARLES CARA et al., Defendants, and ALLCITY INSURANCE COMPANY, Appellant. [594 NYS2d 307] —In an action, inter alia, to recover damages for breach of an insurance contract, the defendant Allcity Insurance Company appeals from an order of the Supreme Court, Kings County (Ramirez, J.), dated October 30,

1990, which granted the plaintiffs' motion for a "declaratory judgment" that the appellant must reimburse the plaintiffs for damages to their building.

Ordered that the order is reversed, on the law, with costs, and the motion is denied; and it is further,

Ordered that upon searching the record, summary judgment is granted to the defendant Allcity Insurance Company, it is declared that the insurance policy does not cover the claim in question, and the complaint is otherwise dismissed insofar as it is asserted against it.

The insurance contract between the plaintiffs and the defendant Allcity Insurance Company (hereinafter Allcity) contained a clause entitled "Perils Insured Against" which clearly did not include, among the hazards covered, the collapse of an adjoining structure's wall, which the parties agree caused the damage to the insured premises. The portion of the printed policy which sets forth "Coverages" states that the insurance applies to the perils insured against, for which a premium is stated and for which the plaintiffs had purchased protection, which extended only to the risks specified in the insuring clause. The declarations statement indicates that a premium was paid for only specified risks, but not for all risks, an option the plaintiffs did not elect.

The plaintiffs' reliance on *Sincoff v Liberty Mut. Fire Ins. Co.* (11 NY2d 386) is misplaced. The policy in that case covered all risks to the insureds' property, and the issue thus became whether the exceptions to that coverage served to exclude the specific hazard which had caused the loss. Here, however, the law of exclusions does not come into play because no coverage existed in the first instance. Accordingly, the Supreme Court erred in granting the plaintiffs any relief under the policy *(see, Schiff Assocs. v Flack,* 51 NY2d 692, 697).

Although the moving papers did not correctly denominate the application as one for summary judgment, all parties and the court obviously treated it as such *(see,* 22 NYCRR 202.1 [b]). In view of the foregoing, we search the record and grant summary judgment to Allcity *(see,* CPLR 3212 [b]; *Wiseman v Knaus,* 24 AD2d 869). Bracken, J. P., Miller, Copertino and Pizzuto, JJ., concur.